IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

93 JAN 19 AM 11:50

TURFAID, INC.

    Plaintiff,

v.

    No. 91-2884-4/Bre

KOMATSU ZENOAH AMERICA, INC.,

    Defendant.

This document entered on docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _____

ORDER

    Before me by order of reference, dated January 7, 1993, is defendant's motion for protective order. Turfaid, Inc., ("Turfaid") a Tennessee corporation, has sued Komatsu Zenoah America, Inc., ("Komatsu") a Georgia corporation, for damages which plaintiff claims it suffered from defendant's breach of a distributorship agreement between the parties. Turfaid has served a notice of deposition on counsel for defendant for a Rule 30(b)(6) deposition under the Federal Rules of Civil Procedure. Plaintiff proposes to take that deposition in Memphis, Tennessee, the site of this lawsuit.

    Defendant has objected to the location of the deposition and seeks protection from the court to require that the plaintiff take depositions of representatives of the defendant in Norcross, Georgia, which is the location of defendant's home office.

    Plaintiff has failed to respond to defendant's motion which was filed December 22, 1992, and upon that basis alone, the court

could grant defendant's motion. See Local Rule 8(b) of the Western District of Tennessee; see also Rule 11(a)(2), Local Rules of the Western District of Tennessee, as revised, January 1, 1993. Nevertheless, under the authorities cited by the defendant, the court is of the opinion that the motion for protective order has merit and should be granted.

Attached to defendant's motion was the affidavit of Greg Moran, the accounting manager for Komatsu. According to Mr. Moran, Komatsu has its principal place of business in Norcross, Georgia, with no offices in Tennessee. All of the representatives of the defendant who may be deposed by plaintiff are located in Georgia. Furthermore, there is no indication that any of the proposed witnesses intend to be in Memphis or regularly travel to this city.

Under Rule 26, **Federal Rules of Civil Procedure**, a party from whom discovery is sought may, upon good cause shown, and to "protect a party or person from ... undue burden or expense," request that the discovery be at a designated time or place. Rule 26(c)(2), Fed.R.Civ.P. In this case, plaintiff selected the forum in which to bring its claim. It could have sued the defendant in Georgia but chose to do so in Tennessee. See 28 U.S.C. § 1391(a). Absent exceptional circumstances, it is generally held that when a corporation or its representatives are to be deposed, the location of the deposition should be at its principal place of business. See Dunn v. Standard Fire Insurance Company, 92 F.R.D. 31, 32 (E.D.Tenn. 1981). See also Dollar Systems, Inc. v. Tomlin, 102 F.R.D. 93, 94 (M.D. Tenn. 1984). To allow otherwise would

2

cause an unreasonable burden and expense to the defendant. The plaintiff has presented no basis for conducting the depositions in Memphis as opposed to the location of the officers and agents of the defendant. See *Operative Plasterers' and Cement Masons' v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992).

For the foregoing reasons, defendant's motion for protective order is GRANTED and the notice of deposition filed by the plaintiff is hereby VACATED.

IT IS SO ORDERED.

ENTER this the 15th day of January, 1993.

J. DANIEL BREEN
UNITED STATES MAGISTRATE JUDGE

01-5846.1

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK

DEPUTY CLERK